

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Gordon v. Morton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gordon v. Morton" (2005). *2005 Decisions*. Paper 1223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-168                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4754
_____

STEVEN R. GORDON,
                                                    Appellant
                              v.

WILLIS MORTON, WARDEN; JOHN DOE(S), CORRECTIONAL OFFICER(S) AT BUCKS
COUNTY CORRECTIONAL FACILITY; J. W. BAILIE; M. A. POULSON; C. C. BURNS; H.
C. LIVERMAN

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-04060)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 10, 2005

BEFORE: ALITO, McKEE and AMBRO, CIRCUIT JUDGES

(Filed:   May 10, 2005)
_____

OPINION
_____

PER CURIAM

       Appellant Steven Gordon appeals from the District Court's orders granting

Defendants' motions for summary judgment and denying the appointment of counsel.

Gordon filed a complaint, which the District Court presumed was pursuant to 42 U.S.C. §

1983, seeking monetary damages for the alleged denial of access to the courts in violation of the First Amendment. Because no substantial question is presented, L.A.R. 27.4, we will summarily affirm the District Court's order.

On June 13, 2002, Gordon was transferred to Bucks County Correctional Facility to await a Post Conviction Relief Act (PCRA) hearing scheduled for June 17th. Gordon claims correctional officers Burns, Poulson, and Bailie confiscated his legal materials, and that defendants Morton and Liverman later acquiesced to the conduct. On the morning of the hearing, Gordon requested his legal materials, but they were not supplied. The hearing still took place as scheduled.

On June 22, 2002, Gordon filed an inmate request form for the return of the material among other items. Warden Morton responded, yet failed to address that aspect of the request. On July 2, 2003, the materials were returned. Gordon's PCRA petition was subsequently denied, but the Superior Court remanded for a new hearing because his PCRA counsel was ineffective. Upon rehearing, the PCRA Court denied relief. Gordon did not appeal.

Meanwhile, Gordon brought a § 1983 claim in the District Court alleging a denial of access to the courts. The District Court granted the Defendants' motions for summary judgment. It held that Gordon failed to show actual injury with respect to the claim against the correctional officers and could not show supervisory liability with respect to Morton and Liverman. Gordon then filed this appeal.

We exercise plenary review over a District Court's grant of summary judgment. Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). A claimant seeking damages for the denial of access to the courts must "demonstrate that the alleged" deprivation of legal material "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). To succeed, Lewis does not require that a claim would have been successful, see, e.g., Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998), but merely requires the claimant to show that the deprivation led to an actual injury "such as the loss or rejection of a legal claim." See Oliver, 118 F.3d at 177.

The actual injury requirement is derived from the constitutional principle of standing. Lewis, 518 U.S. at 349. In this context, a claim premised upon an argument that the alleged deprivation hindered the presentation of a frivolous claim is not sufficient to entitle relief. See id. at 350 (comparing a similar situation with that of a healthy inmate who is denied access to medical care); Walters, 163 F.3d at 434-35. See also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (requiring injury to be actual or imminent, not hypothetical or conjectural).

To the extent Gordon implies possible injury, the second PCRA Court held that none of Gordon's claims were cognizable under the PCRA. See Commonwealth v. Gordon, No. 2000-3646, slip op. at 2 (Pa. C. Dec. 10 2003). Gordon does not argue that he desired to present different or additional claims at his first PCRA hearing. Because we do not generally second guess state court decisions interpreting matters of state law, see

Michigan v. Long, 463 U.S. 1032, 1040 (1983), Gordon has not sufficiently demonstrated actual injury to establish his claim against the corrections officers. Additionally, because Gordon fails to demonstrate he suffered a constitutional violation, he cannot satisfy any theory of supervisory liability. See A.M. ex rel. J.M.K. v. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

Additionally, the District Court did not abuse its discretion in denying Gordon's motion for the appointment of counsel. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). The District Court initially granted Gordon's motion on September 8, 2003, but denied the motion a year later after failing to find counsel willing to accept the appointment. The District Court cannot require counsel to represent an indigent claimant. See Tabron v. Grace, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Further, because Gordon's claim is meritless, the District Court did not abuse its discretion in eventually denying the motion and the order is affirmed. See id. at 155 (stating that a threshold inquiry is whether the claim has merit).

For the foregoing reasons, no substantial question is presented and we will affirm the order of the District Court granting the Defendants' motions for summary judgment. Appellant's motion for appointment of counsel on appeal is denied.